IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | MAGISTRATE NO. H-07-517M |
| | § | |
| HOLEGARIO RUVIO | § | |

ORDER OF REVOCATION OF RELEASE AND DETENTION PENDING TRIAL

By petition dated July 10, 2007, Defendant Holegario Ruvio is charged with violating one of the conditions of his pretrial release. In accordance with the Bail Reform Act, 18 U.S.C. § 3148(b), a revocation hearing was held on July 17, 2007. I conclude that the following facts are established by clear and convincing evidence and require the revocation of release and detention of the above-named defendant pending trial in this case.

1. Defendant Holegario Ruvio is a .45 year old resident alien born in Mexico. He has lived in the Houston area for 30 years. He has two children who are U.S. citizens. He is subject to deportation if convicted of the instant offense.

2. Ruvio is charged with possession with intent to distribute 1 kilogram or more of heroin and faces 10 years to life in prison.

3. Ruvio was granted pre-trial release on July 10, 2007. His release was premised on several conditions, including the following:

   (8)(d) Avoid all contact with any alleged victim of the offense charged and with any potential witness who may testify concerning the offense, and not associate with any person engaging in criminal activities or who has been charged with or convicted of a felony offense, or who has been released on bail, probation or parole.

4. On Sunday July 8, 2007, Ruvio's son left an emergency voicemail for Pretrial Services officer Tony Ramirez, saying that they had received threatening phone calls against the family. The next day Ruvio came to the Pretrial Services office, and explained that he had received a call from a Houston phone number, in which "they" threatened to come "pick up his family" because "they" did not believe he had been arrested and thought Ruvio still had the drugs and the money. Ruvio was scared and concerned for his family's safety. Ramirez reminded Ruvio that a condition of his release was to avoid contact with those engaged in criminal activity. Ruvio replied that he did not initiate the contact. Ramirez advised Ruvio to contact his attorney and suggested they might contact the government for assistance.

5. On July 10, 2007 Pretrial Services contacted Ruvio to follow up on the situation. Ruvio reported that a man named Hugo had called him from Mexico demanding payment for the money and drugs that were seized when defendant was arrested. Hugo threatened defendants' family, and told defendant "we're gonna have to work something out." Ruvio told Pretrial Services that he was in the process of working things out by getting a home equity loan and selling a parcel of land in order to repay Hugo. Ruvio told Ramirez that he owed Hugo approximately $100,000 for the drugs. According to Ramirez, Ruvio was concerned about his family's safety, and intended to take care of the problem by raising money to pay off Hugo.

6. Ruvio's son Marco also testified about the three threatening phone calls from "Hugo", which he said originated from a "452" area code. He emphasized that these contacts were not initiated by his father, and that they reported each of these calls to their attorney and pretrial services. On the advice of their attorney, they bought a recorder to record future phone calls from Hugo. On July 10 they went to T-Mobile to switch Ruvio's cell phone number. Marco Ruvio denies that his father really intended to raise money to pay off Hugo, claiming that his father told Hugo that as a way to buy more time. According to Marco Ruvio, the defendant was seeking a mortgage loan as a way to pay his legal fees. Marco dismissed the contrary testimony of Pretrial Services officer Ramirez as a misunderstanding due to Ramirez's alleged lack of fluency in Spanish.

7. With regard to the conflicting testimony concerning Ruvio's statement about obtaining a home equity loan and selling property, I credit the direct and disinterested testimony of Pretrial Services officer Ramirez that Ruvio's stated intention was to raise money to pay off Hugo.

8. Ruvio's reported contact with Hugo on July 10, 2007 is in violation of the condition of his pre-trial release that he not associate with persons engaging in criminal activity. While the court is mindful that Ruvio did not initiate these contacts with Hugo, Ruvio was expressly cautioned on July 9, 2007 that continued association with Hugo would violate a condition of his release. Even if (as the court assumes) Ruvio's dealings with Hugo were motivated by a desire to protect his family, the fact remains that these dealings with Hugo amount to ongoing involvement in Hugo's criminal activities.

9. It is apparent that Ruvio's continued release creates a substantial risk that Hugo or others associated with him will continue to threaten Ruvio and his family, and thereby pressure him to engage in activity which might endanger the community or force him to flee before trial.

10. There is no condition or combination of conditions of release which would assure the appearance of the defendant in court or the safety of the community. Revocation of release and detention are ordered.

Directions Regarding Detention

      It is therefore ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

      Signed at Houston, Texas, on July 20, 2007.

Stephen Wm Smith
United States Magistrate Judge